1

2

3

4

5

6

7

8         IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DARYL GRAY,

11              Plaintiff,              No. CIV S-11-0129 MCE GGH P

           vs.
12

13   ZACHARIAH, et al.,

14
                Defendants.            ORDER
15   _____/

16         Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20         Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff will not be assessed an initial filing fee.  28 U.S.C.

24   § 1915(b)(1).  Plaintiff will be obligated for monthly payments of twenty percent of the preceding

25   month's income credited to plaintiff's prison trust account.  These payments will be forwarded

26   by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2         The court is required to screen complaints brought by prisoners seeking relief

3  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

5  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

6  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

7  U.S.C. § 1915A(b)(1),(2).

8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15         A complaint must contain more than a "formulaic recitation of the elements of a

16  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

17  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

18  "The pleading must contain something more...than...a statement of facts that merely creates a

19  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

20  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

21  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

22  v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

23  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

24  the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

25         In reviewing a complaint under this standard, the court must accept as true the

26  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that various defendants conspired to prevent him from receiving A1-A status and that defendants used their authority inappropriately. The undersigned is not certain what A1-A status is, but it appears to involve certain accommodations under the Americans with Disabilities Act (ADA). However, plaintiff is informed that he has no constitutional right to a certain classification status. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (quoting Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 (1976)).

To the extent that plaintiff is being denied certain medical care or accommodations based on this status, plaintiff has not made any specific allegations.

Plaintiff's complaint will be dismissed and he will be granted leave to file an amended complaint within 28 days of service of this order. Plaintiff must describe in more detail if the defendants were deliberately indifferent to his serious medical needs or violated his rights under the ADA. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

In order to state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications

3

1  that a prisoner has a serious need for medical treatment are the following:  the existence of an

2  injury that a reasonable doctor or patient would find important and worthy of comment or

3  treatment; the presence of a medical condition that significantly affects an individual's daily

4  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

5  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

6  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

7  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

8          In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very

9  strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of

10  course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness

11  (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should

12  be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would

13  have known of the risk or that a defendant should have known of the risk.  Id. at 842.

14          It is nothing less than recklessness in the criminal sense-subjective

15  standard-disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842.  "[T]he

16  official must both be aware of facts from which the inference could be drawn that a substantial

17  risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant

18  is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk

19  by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official

20  acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  If

21  the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42.

22  However, obviousness per se will not impart knowledge as a matter of law.

23          Title II of the ADA "prohibit[s] discrimination on the basis of disability."  Lovell

24  v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual

25  with a disability shall, by reason of such disability, be excluded from participation in or be denied

26  the benefits of the services, programs, or activities of a public entity, or be subject to

discrimination by such entity." 42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.  <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 524 U.S. 206, 118 S.Ct. 1952, 1955, 141 L.Ed.2d 215 (1998); <u>see also</u> <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1023 (9th Cir.1997); <u>Duffy v. Riveland</u>, 98 F.3d 447, 453-56 (9th Cir. 1996).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th Cir. 2004).

A "disability" is defined by the ADA as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual."  42 U.S.C. § 12102(2)(A).  The regulations implementing the ADA define "mental impairment" as "[a]ny mental or psychological disorder such as ... organic brain syndrome, emotional or mental illness, and specific learning disabilities."  28 C.F.R. § 35.104.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

\\\\\

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request for leave to proceed in forma pauperis (Docs. 11, 12) are

3    granted.

4    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

5    Plaintiff will not be assessed an initial filing fee.  All fees shall be collected and paid in

6    accordance with this court's order to the Director of the California Department of Corrections

7    and Rehabilitation filed concurrently herewith.

8    3.  Plaintiff's complaint is dismissed for the reasons discussed above, with leave

9    to file an amended complaint within twenty-eight days from the date of service of this Order.

10   Failure to file an amended complaint will result a recommendation that this action be dismissed.

11   DATED: April 26, 2011

12

13                                                                /s/ Gregory G. Hollows

14                                                                _____
                                                                  GREGORY G. HOLLOWS
                                                                  UNITED STATES MAGISTRATE JUDGE

GGH: AB
15   gray0129.b

16

17

18

19

20

21

22

23

24

25

26